UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------------------------------- X

CAROLINA HOSPITALITY GROUP 2010 LLC,       :       Case No. 1:21-cv-00496
                                           :
                              Plaintiff,   :       **COMPLAINT**
                                           :
                           - against -     :
                                           :
WISCHERMANN PARTNERS, INC.,                :
                                           :
                              Defendant.   :
----------------------------------------------------------------- X

Plaintiff Carolina Hospitality Group 2010 LLC ("**Plaintiff**"), by and through its attorneys, Rosenberg & Estis, P.C., as and for its Complaint, alleges as follows:

## SUBJECT MATTER JURISDICTION

1.      The Court has subject matter jurisdiction over this claim pursuant to 28 U.S.C. §§ 1332(a), 1441(a), and 1441(b) as: (a) the amount in controversy exceeds $75,000.00; (b) Plaintiff is a citizen of New York; (c) and upon information and belief, defendant Wischermann Partners, Inc. ("**Defendant**", collectively with Plaintiff, the "**Parties**") is a citizen of Minnesota, thus true diversity exists between the Parties; and (d) Defendant removed the above-captioned action (this "**Action**") from the Supreme Court of the State of New York, Kings County, Index No. 524171/2020 to this Court.

## VENUE

2.      Venue is proper under 28 U.S.C §§ 1441 and 1446 as Defendant removed the above-captioned action (this "**Action**") from the Supreme Court of the State of New York, Kings County, Index No. 524171/2020 to this Court.

## NATURE OF ACTION

3.      This matter is based upon the negligent acts of Defendant and specifically Defendant's negligent mishandling of the Sheraton and Le Meridien hotel located at 555 South McDowell Street in Charlotte, NC 28204 (the "**Hotel**").

## THE PARTIES

4.      Plaintiff is, and was at all times relevant herein, a limited liability company duly formed and existing by virtue of the laws of the State of New York with an address located at 51 Whitman Drive, Brooklyn, New York 11234. No members of Plaintiff are citizens of the State of Minnesota.

5.      Upon information and belief, Defendant is, and was at all times relevant herein, a corporation formed and existing by virtue of the laws of the State of Minnesota, with a headquarters and located at 5601 W. 78th Street, Bloomington, Minnesota 55439.

## FACTUAL BACKGROUND

6.      On or about April 12, 2013, the Parties entered into a management agreement (the "**Agreement**") wherein, *inter alia*, Plaintiff agreed, and Defendant accepted, to Defendant's operating the Hotel.

7.      Pursuant to the Agreement, *inter alia*, Defendant was obligated to establish and manage employment policies for the Hotel's employees, including without limitation, salaries, wages, fringe benefits and other compensation (collectively, the "**Policy Duties**").

RE\64448\0019\3357722v2

8.      Defendant had a duty to Plaintiff to perform all its obligations, including but not limited to, the Policy Duties, with reasonable care. As such, Defendant knew or should have known the applicable law as it relates to the Policy Duties.

9.      Defendant did not correctly carry out the Policy Duties. To wit, due to Defendant's negligence, the Policy Duties, *inter alia*, were not created, adopted, or implemented in accordance with applicable law.

10.      Upon information and belief, due to Defendant's negligence, Defendant did not offer the minimum essential coverage required by applicable law to at least ninety five percent (95%) of the full-time employees (and their respective dependents) and at least one full-time employee was certified to receive a premium tax credit ("PTC") but did not; or an employee was allowed a PTC on his or her individual income tax return for one or more months of the 2017 tax year and Defendant did not report and Defendant did not report an affordability safe harbor or other relief for one or more of the months the employee was allowed a PTC as provided by applicable law.

11.      As a direct and proximate result of Defendant's negligent acts, as described above, Plaintiff was fined by the Internal Revenue Service (the "**IRS**") in the sum of $104,794.93.

### AS AND FOR A FIRST CAUSE OF ACTION
#### (Negligence Under North Carolina Law)

12.      Plaintiff repeats and realleges the allegations set forth above as if fully incorporated herein.

RE\64448\0019\3357722v2

13.     Pursuant to the Agreement, Defendant had a duty to exercise reasonable care under all its obligations under the agreement, including but not limited to Defendant's obligations to Plaintiff as it relates to the Policy Duties.

14.     Defendant breached its duty to Plaintiff by failing to provide benefits to the Hotel's employees in accordance with applicable law.

15.     Plaintiff suffered damages in the form of $104,794.93 in fines from the IRS as the direct and proximate cause Defendant's actions.

16.     By reason of the foregoing, Plaintiff has suffered damages, in an amount not less than $104,794.93, plus interest.

**WHEREFORE**, Plaintiff demands judgment herein as follows:

a.  on its First Cause of Action, awarding money damages in favor of Plaintiff and against Defendants, in an amount not less than $104,794.93, plus interest;

b.  granting such other and further relief as the Court deems just and proper.

Dated:   New York, New York
         March 22, 2021

**ROSENBERG & ESTIS, P.C.**
*Attorneys for Plaintiff*


By:     *Warren A. Estis*
        _____
            Warren A. Estis, Esq.
            733 Third Avenue
            New York, New York 10017
            (212) 867-6000
            westis@rosenbergestis.com

- 4 -